THERESA J. DESCO, as General Administratrix of the Estate of LOUIS J. DESCO, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31113.)

JAMES YANNONE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31230.)

Court of Claims, February 19, 1953.

*Charles H. Gaffney* for general administratrix, claimant.

*Andrew Cook, Jr.,* for James Yannone, claimant.

*Nathaniel L. Goldstein, Attorney-General (Edward R. Murphy* of counsel), for defendant.

SYLVESTER, J. At 3:00 A.M. on March 26, 1951, claimant's intestate and claimant Yannone were passengers in a car owned and operated by one Stephen Desco, who did not testify.

The vehicle was proceeding in a southerly direction on a section of the thruway between Catskill and Saugerties. At a point approximately five or six miles south of Catskill it crashed into a truck which was parked on the right lane of the road consisting of two southerly directional lanes. Earlier that morning the truck, which was loaded with lumber, suffered a collapse of a rear helper wheel. The driver of the truck, aware of the soft condition of the shoulder and fearing that his truck would be mired therein, decided to leave it on the right concrete lane until he could procure a new wheel. In the interim he lighted three flares, two of which he placed on the northerly side of the truck at appropriate distances to warn oncoming cars, and the other at a distance of about thirty feet on the southerly side of the truck. In addition, his parking lights were kept on. The night was clear and the road was dry.

The car in which the deceased and Yannone were passengers was proceeding southward and crashed into the parked truck, resulting in severe injuries to Yannone and the death of the decedent.

It is clear from the record that the disabled truck could be seen from a distance of 700 to 800 feet; that the flares and parking lights of the truck afforded ample awareness of the danger ahead; that a clear and unobstructed road was afforded to the driver of claimant's car by the southerly lane contiguous to that upon which the truck was parked and that in the exercise of ordinary and reasonable care, in these circumstances, claimants' car should have directed its course upon the clear and unobstructed lane. This is not a case where, faced with an emergency or unusual condition, claimants' driver had no recourse or alternative but to drive onto the shoulder of the road. Here, a perfectly clear road was made available to him which, for some unexplainable reason, he failed to negotiate. It must be determined, therefore, that despite the ample warning of the danger that confronted him, he negligently and recklessly propelled his car into the truck. The condition of the shoulder played no role in this accident and constituted no concurring negligence that was proximate to the event. In this situation, negligence may not be imputed to the State so as to accomplish a recovery in favor of the passengers.

" ' A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and effi-

cient cause of the injury, even though such injury would not have happened but for such condition or occasion.' " (*Gralton* v. *Oliver,* 277 App. Div. 449, 453, affd. 302 N. Y. 864. See, also, Wharton on Negligence, § 134.)

In *Fuller* v. *State of New York* (Claim No. 24003, affd. 251 App. Div. 788) this court, per RYAN, J., said: " The weight of the evidence is that bombs and the lighted lantern covered with a red cloth were placed in such position as to give warning to travelers of the existence of the truck and its projecting log. We think that the State trooper exercised reasonable care under the circumstances and that no other State employee is responsible. The highway was a straight-away for hundreds of feet. The road was dry, the air was clear. The driver of the automobile in which intestate was riding should have seen the bomb flares and the lighted lantern. When he saw them he should have slowed down to a speed which would have permitted him to determine what it was of which they gave warning and if necessary come to a halt. We think the proximate cause of the accident was the negligence of the driver of the automobile."

It is concluded that the accident came about through the sole negligence of the oncoming car. Accordingly, judgment is directed dismissing the claims. Findings may be submitted within fifteen days; otherwise this memorandum will constitute the written decision of the court.